IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN JAMES ALBERT,<br><br>   Plaintiff,<br>v.<br><br>LINCOLN BANCORP,<br><br>   Defendant. | Case No.: 1:23-CV-04409-SCJ |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S EMERGENCY
MOTION TO SEAL COMPLAINT**

**I. Plaintiff's Complaint Contains Law Enforcement and Regulatory Information That Cannot Legally Be Disclosed in a Public Filing.**

1. Plaintiff's *pro se* Complaint was entered on the public docket on September 29, 2023. (ECF No. 1.)

2. The Complaint contains numerous references to certain law enforcement and regulatory information, which is restricted from disclosure under federal law and regulations. *See, e.g.*, Office of the Comptroller of the Currency ("OCC"), Bulletin 2005-4 (Feb. 28, 2005) (providing that "[a]ny person who discloses or uses" certain regulatory information "except as expressly permitted by one of the appropriate federal banking agencies or as provided by the agency's regulations may be subject to the criminal penalties provided in 18 USC 641");

Federal Deposit Insurance Corporation ("FDIC") Letter FIL-13-2005 (Feb. 28, 2005) (same); Financial Crimes Enforcement Network ("FinCEN") Advisory FIN2012-A002 (Mar. 2, 2012) (providing that the "unauthorized disclosure" of certain non-disclosable information "is a violation of federal law"); 12 C.F.R. § 353.3(g) (as amended, Jan. 21, 2020) (prohibiting disclosure of certain law enforcement information); 31 C.F.R. § 1020.320(e); *see also* 31 U.S.C. § 5318(g) (same); 12 C.F.R. Part 309.

3.   Indeed, some courts have found that even a federal court is "not authorized to order or to permit [a party] to make any disclosure, <u>sealed or unsealed</u>," of such information. *Gregory v. Bank One, Indiana, N.A.*, 200 F. Supp. 2d 1000, 1003 (S.D. Ind. 2002) (emphasis added); *cf. Saa v. Bank of Am., N.A.*, 2010 WL 11506054, at *1 (S.D. Fla. May 25, 2010) (discussing information "protected from disclosure under 12 [C.F.R.] 21.11 and 31 U.S.C. § 5318").[1]

4.   Defendant takes no position at this time whether Plaintiff's Complaint may lawfully discuss such information even in an under-seal filing, and is evaluating

---

[1] Based on consultations with its regulators, and to ensure that Defendant is compliant with its own obligations with respect to disclosure of law enforcement and regulatory information—which, as discussed below, may be non-disclosable even under seal—Defendant does not in this filing discuss the specific information at issue, but instead directs the Court to the proposed redacted language in Plaintiff's Complaint.

its options. However, given Plaintiff's open and public filing of this information in clear violation of the foregoing laws, regulations, and regulatory guidance—of which Plaintiff is well aware as a former Bank Secrecy Act Officer for Defendant (see ECF No. 1 at 1)—emergency interim relief is warranted in the form of an order placing the unlawfully disclosed information under seal *instanter*.

**II.     An Emergency Sealing Order Is Consistent with Eleventh Circuit Precedent.**

5.     The right of the public to access judicial records is not absolute, and may be limited or prohibited where "necessitated by a compelling governmental interest" and "narrowly tailored to serve that interest." *See, e.g.*, *Globe Newspaper Co. v. Superior Court for the County of Norfolk,* 457 U.S. 596, 606–07 (1982). When deciding whether to grant a party's motion to seal for "good cause," the Court is required to balance the historical presumption of access against competing interests, considering the following non-exclusive factors: (i) whether allowing access would impair court functions or harm legitimate privacy interests, (ii) the degree of and likelihood of injury if made public, (iii) the reliability of the information, (iv) whether there will be an opportunity to respond to the information, (v) whether the information concerns public officials or public concerns, and (vi) the availability of a less onerous alternative to sealing the documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted).

6. All of these factors strongly favor a sealing order here:

   a. Factor 1: Continued public disclosure by Plaintiff of the information at issue would not merely violate "legitimate privacy interests," but would in fact violate federal law and policy expressly prohibiting its disclosure, and would risk disclosing secret law enforcement information to wrongdoers.

   b. Factor 2: There is a strong "likelihood of injury" to the Bank and to governmental interests from prohibited disclosure of law enforcement and regulatory information.

   c. Factor 3: This factor is of reduced relevance here. However, Defendant notes (and will demonstrate if this matter proceeds) that Plaintiff has not merely disclosed, but materially misrepresented facts regarding non-disclosable law enforcement and regulatory information, so the "reliability of the information" is low.

   d. Factor 4: This factor is of limited relevance, and any party's "opportunity to respond" to certain information will be governed in part by federal law, regulations, and guidance as noted above.

      e. <u>Factor 5</u>: The information does not "concern[] public officials or public concerns," but is confidential and non-disclosable under federal law.

      f. <u>Factor 6</u>: there is no "less onerous alternative to sealing" the Complaint given the laws, regulations, and guidance cited above.

7. Although Defendant believes Plaintiff's Complaint filing is improper in its entirety—and indeed may subject him to civil and/or criminal penalties pursuant to the law and guidance discussed above—Defendant is seeking only "narrowly tailored" redactions to the Complaint. *Globe Newspaper,* 457 U.S. at 598. Attached as **Exhibit A** is a proposed redacted complaint, to supersede the document currently on the docket as Doc. No. 1.

8. Further, Defendant requests an order that no party shall file on the public docket any information whose public disclosure is prohibited pursuant to federal or state law, including information of the type redacted in Exhibit A and any discussion of the fact or substance of such information. This extends to any attempt to file the exhibits referenced in the Complaint, which were not filed with the Complaint.

9. Pursuant to Local Rule 7.2(B), Defendant seeks this relief on an emergency and *ex parte* basis, given the serious harm to federal interests from the continued public presence of the unredacted Complaint on this Court's docket.

### III. CONCLUSION

10. Plaintiff improperly, and in likely violation of federal law, filed certain legally non-disclosable information on the public docket. In the first instance, this Court should promptly remedy that violation by, at a minimum, (i) placing that information under seal and replacing the Doc. No. 1 with the redacted version attached as Exhibit A, and (ii) directing the parties that such legally non-disclosable information must at a minimum be filed under seal and not on the public docket.

Date: October 2, 2023

Respectfully submitted,

DEFENDANT LINCOLN BANCORP.

*/s/ Jamala McFadden*
Jamala S. McFadden
Georgia Bar No. 490959
The Employment Law Solution
800 Mt. Vernon Hwy, NE Suite 410
Atlanta, GA 30328
jmcfadden@theemploymentlawsolution.com
Telephone: (678) 424-1380
Facsimile: (404) 891-6840

6

        Allison N. Powers (*pro hac vice application forthcoming*)
        David B. Lurie (*pro hac vice application forthcoming*)
        BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
        200 W. Madison St., Suite 3900
        Chicago, IL 60606
        Tel. (312) 984-3100
        Fax (312) 984-3150
        allison.powers@bfkn.com
        david.lurie@bfkn.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BRIAN JAMES ALBERT, <br><br> Plaintiff, <br><br> v. <br><br> LINCOLN BANCORP, <br><br> Defendant. | <br><br><br><br><br><br> Case No.: 1:23-CV-04409-SCJ |

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C) and 7.1(D).

This 2nd day of October, 2023.

*/s/ Jamala McFadden*
Jamala S. McFadden
Georgia Bar No. 490959
jmcfadden@theemploymentlawsolution.com

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BRIAN JAMES ALBERT,<br><br>   Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP,<br><br>   Defendant. | Case No.: 1:23-CV-04409-SCJ |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2023, I have filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system and mailed a copy to Plaintiff at the following address:

   Brian J. Albert
   316 E Line Street
   Calhoun, GA 30701
   Balbert0440@yahoo.com

   */s/ Jamala McFadden*
   Jamala S. McFadden
   Georgia Bar No. 490959
   jmcfadden@theemploymentlawsolution.com

   *Counsel for Defendant*